IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RALPH SALAZAR,**

       **Plaintiff,**

vs.                                                                                                No. CIV 00-0929 LCS

**CTS WIRELESS COMPONENTS,**
**and MOTOROLA, INC.**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Motorola, Inc.'s (Motorola) Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 4), filed on August 1, 2000. The Court, acting upon consent of the parties and designation pursuant 28 U.S.C. § 636, and having considered the submissions of the parties, relevant law, and being otherwise fully advised, finds that this Motion is well-taken in part and should be **GRANTED IN PART**.

**I.**    **Background.**

On June 5, 2000, Plaintiff brought this action in state court, asserting a federal claim under of the Americans with Disabilities Act ("ADA"), 42 U.S.C, § 12101, *et seq.* (Count I)*,* as well as state law claims for violation of the New Mexico Human Rights Act (Count II), retaliatory discharge (Count III), and prima facie tort (Count IV). (Doc. 1, Ex. A.). On June 28, 2000, Defendant CTS Wireless Components, Inc. (CTS) filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331.

On August 1, 2000, Motorola filed its Motion to Dismiss or for Summary Judgment.

**II.     Standard for Motion to Dismiss.**

A case should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999). The court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

**III.    Standard for Motion for Summary Judgment**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

**IV.    Analysis**

    **A.     Whether Count III should be dismissed as to Motorola?**

In Count III, Plaintiff alleges a claim for retaliatory discharge under state law. Motorola argues that this claim should be dismissed because Motorola was not Plaintiff's employer at the time of his termination. In his Response, Plaintiff failed to address this issue.

2

A claim for retaliatory discharge under New Mexico law requires an employee to show that he was discharged because he performed an act that public policy authorizes or encourages. *See Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 647, 777 P.2d 371, 375 (1989). The "genesis and sole application of retaliatory discharge has been in regard to employment at-will." *Silva v. Albuquerque Assembly & Distr.*, 106 N.M. 19, 21, 738 P.2d 513, 515 (1987). Implicit in the cause of action is the premise that it lies solely against an employer. *See generally Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 599, 953 P.2d 1089, 1097 (Ct. App. 1997) (employer's motive is a key element of retaliatory discharge).

The Complaint states that CTS assumed operation of the Motorola plant in February, 1999. (Compl. ¶ 10.) The Complaint further states that CTS was Plaintiff's employer on August 2, 1999, the date he was discharged. (Compl. ¶¶ 11-13.) The Complaint clearly establishes that Motorola was not Plaintiff's employer on the day he was discharged. Because Motorola was not the employer at the time of discharge, it is not subject to liability for retaliatory discharge. Accepting all the factual allegations of the Complaint as true, and viewing them in the light most favorable to Plaintiff, it appears beyond doubt that he can prove no set of facts in support of the retaliatory discharge claim against Motorola. Thus, Count III should be dismissed as to Motorola.

In the alternative, Count III should be dismissed as to Motorola because Plaintiff failed to respond to Motorola's argument. The Local Rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.5(b). Plaintiff consented to the dismissal of Count III as to Motorola by failing to file a response. Accordingly, under either analysis, Count III should be dismissed as to Motorola.

**B.     Whether Count IV should be dismissed as to Motorola.**

In Count IV, Plaintiff alleges a state law claim for prima facie tort. The elements of this cause of action are: "(1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act." *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 777, 945 P. 2d 992, 995 (1997). Prima facie tort presumes that defendant's underlying conduct is lawful. *See id.* Because Plaintiff alleges that Motorola unlawfully discriminated against him, the first element of prima facie tort is not satisfied. *See Silverman v. Progressive Broad., Inc.*, 125 N.M. 500, 510, 964 P.2d 61, 71 (Ct. App.1998).

Plaintiff cites to *Curiano v. Suozzi*, 63 N.Y. 2d 113, 469 N.E.2d 1324, (1984), in support of the proposition that prima facie tort may be pled in the alternative. However, *Curiano* held that the plaintiff should not be permitted to plead prima facie tort in the alternative in order to evade the more stringent pleading requirements of malicious prosecution. *See Curiano*, 469 N.E.2d at 1328. As Judge Conway cogently observed in *Lee v. ABF Air Freight System, Inc.,* 1992 WL 611458 (D. N.M. Sept. 23, 1992), the ability to plead in the alternative does not relieve a plaintiff from his obligation to allege a factual basis for each of the elements of a cause of action. *See Lee*, * 2. Motorola is correct that prima facie tort should not be utilized to evade the stringent requirements of other established doctrines. *See Padwa v. Hadley*, 127 N.M. 416, 981 P.2d 1234 (Ct. App.) *cert. denied* 127 N.M. 389, 381 P.2d 1207 (1999). Accepting all the factual allegations of the Complaint as true, and viewing them in the light most favorable to Plaintiff, it appears beyond doubt that he can prove no set of facts in support of his prima facie tort claim against Motorola. The Motion to Dismiss Count IV as to Motorola should be granted.

**C.   Whether Counts I and II should be dismissed as to Motorola for failure to exhaust administrative remedies.**

In Counts I and II, Plaintiff asserts claims under the ADA and the New Mexico Human Rights Act. Motorola argues that these claims should be dismissed for failure to exhaust administrative remedies. The Court finds it appropriate to evaluate this argument under the standard for summary judgment. Exhaustion of administrative remedies is a prerequisite to bringing suit under the ADA, s*ee Seymore v. Shawver & Sons, Inc.*, 111 F. 3d 794, 799 (10th Cir. 1997); *Jones v. Runyon*, 91 F. 3d 1398, 1399 (10th Cir. 1996), and under the NMHRA. *See Luboyeski v. Hill*, 117 N.M. 380, 382, 972 P.2d 353, 355 (1994). Federal courts lack jurisdiction to entertain ADA claims not first filed with the EEOC. *See Seymore,* 111 F.3d at 799; 42 U.S.C. § 12117(a). The purposes of the exhaustion requirement are to provide notice of the alleged violation to the charged party, and to provide the administrative agency with the opportunity to conciliate the claim. *See Seymore*, 111 F. 3d at 799.

In determining whether an ADA claim has been exhausted, the Court must decide if the complaint "encompass[es] any discrimination like or reasonably related to the allegations of the . . . charge . . . ." *Jones v. Runyon*, 91 F. 3d 1398, 1400 (10th Cir. 1996) (*quoting Ingels v. Thiokol Corp.* 42 F. 3d 616, 625 (10th Cir. 1994) (quotations omitted)). In making the exhaustion determination, the Court must liberally construe the administrative charge. *See Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F. 2d 857, 859 (10th Cir.1983); *Harrell v. Spangler, Inc.*, 957 F. Supp. 1215, 1219 (D. Kan.1997).

Motorola has submitted materials indicating that it did not receive notice of the administrative charge of discrimination. The charge is addressed to "CTS Motorola, 4800 Alameda Blvd. N.E.,

5

Albuquerque, NM 87113." (Def. Ex. A.)  Salazar filed his charge of discrimination on August 2, 1999, several months after CTS had acquired the plant from Motorola, and several months after Plaintiff ceased employment with Motorola. ( Def, Exs. A and B.) On September 20, 2000, CTS notified the EEOC that it had no connection to Motorola. (Def. Ex. B) Motorola has submitted the Affidavit of Kevin Foster stating that Motorola never received a copy of the charge of discrimination. (Def. Ex. C.)

One of the main purposes of the exhaustion requirement is to provide notice of the nature of the alleged violation to the charged party and to encourage conciliation. *See Ingels v. Thiokol Corp.*, 42 F. 3d 616, 625 (10th Cir.1994). Based on the record as currently developed, it appears that Motorola did not receive notice of the charge of discrimination within the time limitation of the ADA. However, disclosures have not be provided pursuant to Fed.R.Civ.P. 16 and there has been no discovery in this case.  In an abundance of caution, I will stay ruling on the exhaustion issue[1] until forty-five days after the Initial Scheduling Conference, which is currently set for September 20, 2000.

Plaintiff may file a supplemental brief with attachments within thirty days after the Initial Scheduling Conference, or suffer dismissal of his ADA and NMHRA claims against Motorola based on failure to exhaust administrative remedies.  If Plaintiff files a supplemental brief, Motorola will be permitted fifteen days to respond.  No further briefing will be allowed.

---

[1] Motorola also argues that the charge did not cover its alleged failure to accommodate. In the box captioned "Date Discrimination Took Place," the charge lists August 2, 1999. (Def. Ex. A.) However, in the body of the charge, Salazar implies that he was denied reasonable accommodation prior that date. (*Id.*) Defendant's argument as to the scope of the charge will be addressed in conjunction with the notice aspect of the failure to exhaust issue, if necessary.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Motorola's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 4), filed on August 1, 2000, is **GRANTED IN PART**. Counts III and IV of the Complaint are dismissed as to Motorola. A ruling on this Motion as to Counts I and II is **STAYED** until forty-five days after the Initial Scheduling Conference.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**